UNITES STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| In RE: JEFFREY S. FEAGINS ) | | |
| AND ) | | |
| KAREN M. FEAGINS ) | Case No. 07-42814-drd-7 | |
| ) | Chapter 7 | |
| Debtors ) | | |
| ) | | |
| DAIVD ARTHUR ) | | |
| ) | | |
| Plaintiff ) | Adv. Proc. No. 08-04052 | |
| ) | | |
| vs. ) | | |
| ) | | |
| JEFFREY S. FEAGINS ) | | |
| AND ) | | |
| KAREN M. FEAGINS ) | | |
| , ) | | |
| Defendants. ) | | |

MOTION TO DISMISS COMPLAINT

Debtors-Defendants (hereinafter "debtors") for their Motion to Dismiss Complaint state as follows:

Debtors filed for relief under chapter 7 of the bankruptcy code on August 15th, 2007. The original deadline for objections to discharge was November 20, 2007. Janice Stanton, Chapter 7 Trustee (hereinafter "Trustee") moved the Court to extend the time to file objections to discharge under 11 USC 727 and Federal Rule of Bankruptcy Procedure 4004(b) for 60 days.[1] On January 11, 2008, the Trustee moved the Court to extend the time to file objections to discharge under 11 USC section 727 and Fed. R. Bankr. P 4004(b) to February 20, 2008.[2] On February 15th, 2008, the Trustee filed a third motion to extend the objection to discharge deadline. After the debtors

---

[1] This Court entered its order extending the deadline to object to January 20th, 2008 on December 3, 2007 (Docket # 13, Case No. 07-42814).
[2] This Court entered its order extending the deadline to object to February 20th, 2008 on February 1, 2008 (Docket # 20, Case No. 07-42814).

responded to the motion and provided all requested documents, the Trustee withdrew her third motion to extend the time to file objections to discharge.

David Arthur (hereinafter "Arthur"), a creditor in debtors' Chapter 7 proceeding filed a Complaint objecting to Discharge and Suggestions in Support thereof (hereinafter, "Complaint") on March 20, 2008.[3] Arthur previously attended debtors' meeting of creditors where he asked irrelevant questions intended to harass the debtors.[4] Due to the vague and unclear nature of the Complaint, it is difficult to ascertain the legal grounds that the Complaint relies upon, but debtors assume it is section 523(a)(2).[5] In fact, the Complaint mentions one bankruptcy code section[6] and two code sections from title 18 mandating bankruptcy crimes and procedure.[7] Debtors move the Court to Dismiss the Complaint under section 523(a)(2) as untimely. Debtors further move the Court to Dismiss any attempted allegations that could be construed as criminal charges under 18 USC 152(1) and (7) because Arthur has no ability to bring such a charge.

Federal Rule of Bankruptcy Procedure 4007(c) mandates a deadline for filing a complaint to determine dischargeability of a debt under 11 USC section 523(c) of 60 days after the first date set for the first meeting of creditors. *In re Harbaugh*, 301 B.R. 317, 320 (B.A.P. 8th Cir. 2003). Section 523(c) encompasses debts arising under section 523(a)(2), (4), (6) and (15). 11 USC Section 523(c)(1). Rule 4007(c) shall be strictly construed, analogous to a statute of limitation. *Harbaugh*, 310 B.R. at 320. As such, Rule 4007(c) only allows an extension of time to file dischargeability complaints when a request is filed before the original deadline has

---

[3] Debtors are curious as to why the Complaint was filed under a different name than the attorney that represents Arthur. The Complaint is signed by Les D. Wight, yet it appears to be filed by Byron Stewart.
[4] Arthur asked on the record of debtors section 341 meeting of creditors where each of the debtors slept every night.
[5] Although the Complaint does not specifically refer to 11 USC section 523(a)(2), it appears that Arthur selected to proceed under that section when he filed the complaint. The first docket entry on the Court's Official Docket states that the adversary complaint is a proceeding under 11 USC section 523(a)(2).
[6] 11 USC section 523. Actually the Complaint simply just refers to "section 523" in paragraph 16. This confuses the debtor, because in paragraph 14 of the Complaint, Arthur asserts criminal allegations under 18 USC 152. But, paragraph 17 of the complaint seems similar to the language contained in 11 USC section 523(a)(2).
[7] 18 USC Section 152(1) and (7).

expired. The Court can only extend the deadline for objection to discharge for cause. However, the Motion for extension "shall be filed before the time has expired." Fed. R. Bankr. P. 4007(c). Federal Rule of Bankruptcy Procedure 9006(b) governs enlargements of time and only permits an enlargement of time to the extent stated within the rule.

Similar to Federal Rule of Bankruptcy Procedure 4007(c), Federal Rule of Bankruptcy Procedure 4004(a) mandates a deadline for filing a complaint objecting to the debtors' discharge under section 727(a) of 60 days after the first date scheduled for the meeting of creditors. Extensions of time may only be granted if the motion is filed before the time has expired. Fed. R. Bankr. P. 4004(b), *In re Cooper,* 2003 Bankr. Lexis 360 (Bankr. N.D. Iowa 2003). Arthur has no standing to make any sort of criminal charges in Debtors' bankruptcy proceeding.[8]

Arthur's Complaint under section 523 is time barred. The last day for objections under section 523(a)(2) was November 20, 2007. This Complaint was not filed until March 20, 2008 – 4 months after the objection deadline. Further, Arthur never moved to extend the deadline for objections to discharge and certainly did not move to extend the objection to discharge deadline prior to the first deadline. Accordingly, because rule 4007(c) shall be strictly construed as a statute of limitation, Arthur's complaint is time barred. Indeed, Arthur's Complaint is intended to harass the debtors. Despite addressing the inadequacies on the merits of the Complaint, the Complaint should be dismissed on procedural limitations.

Although the trustee moved to extend the deadline under section 727 prior to the objection to discharge deadline and the Court granted several of the trustee's motions, the deadline was not extended past February 20, 2008. The trustee's motions to extend the objection

---

[8] 18 USC section 158(a) stating that United States Attorneys and agents of the Federal Bureau of Investigation have responsibility for carrying out enforcement activities in addressing violations of sections 152 and 157. It is also a well-settled principal that private citizens do not have the ability to charge other citizens with crimes. Criminal charges are brought and prosecuted by the government.

to discharge deadline clearly provided that she was moving the court to extend the deadline for objections to discharge under section 727 and rule 4004(c). The trustee's prior motions to extend should not, in any way, toll the objection deadline for objections to discharge under section 523. Section 727 is never mentioned in Arthur's Complaint – Although debtors assert that any potential objection under section 727 is time barred.

Arthur's Complaint under section 523(a)(2) should be dismissed as untimely and any sort of criminal allegations should be dismissed, as Arthur does not have the ability to bring criminal charges. Debtors reserve the right to file subsequent pleadings in the future that address the merits and other procedural issues of the Complaint.

WHEREFORE, debtors pray the Court for an Order dismissing the Complaint under 523(a)(2) as untimely, dismissing any sort of criminal allegations because Arthur has no authority to bring such a charge and for such other relief the Court deems just and proper.

Respectfully submitted,

WAGONER BANKRUPTCY GROUP, P.C.

/s/ Brent S. Westbrook
Jeffrey L. Wagoner, MO 44365
Brent S. Westbrook, MO 59400
3101 Broadway, Suite 901
Kansas City, MO 64111
(816) 756-1144 phone
(816) 756-1163 fax
*bankruptcy@wagonergroup.com*
Attorneys for Defendants

## **CERTIFICATE OF SERVICE**

       I hereby certify that on April 15, 2008, the foregoing was delivered via e-mail to the parties listed below that are registered to receive electronic filings on ECF, and regular first class, postage prepaid to the parties listed below that are not registered to receive electronic filings on ECF.


Les D. Wight
501 W. Lexington
Independence, MO 64050
Attorney for Plaintiff